[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiff husband seeking a dissolution of marriage as well as various orders relating to the distribution of their personal and real property. He is also seeking reasonable rights of visitation with a stepson issue of the defendant by a previous marriage.
In response the defendant has filed an answer to this complaint as well as what is labeled a counterclaim but is in reality a cross complaint. The defendant in her cross complaint is seeking a dissolution of marriage, alimony, counsel fees and, an equitable distribution of their assets, as well as the return of her maiden name.
The Court in arriving at its conclusions has given due consideration to the provisions of Sections 46b-81 and 46b-82
of the Connecticut General Statutes.
The parties were married on August 30, 1986 in the Town of Trumbull, Connecticut. They have resided continuously in this State for more than one year prior to the bringing of this action.
Beginning in October 1989 their marriage encountered serious difficulties arising out of the plaintiff's relationship with a male fishing companion. The plaintiff spent a considerable amount of time on the weekends with this individual causing an irretrievable breakdown in their marriage.
The Court finds that the marriage has broken down irretrievably and therefore enters a degree of dissolution.
Without going into detail the Court in making its decisions as to alimony and the awarding of their real and personal assets has given due consideration to the contribution of both parties as well as their respective needs, and any fault that may be assessed against either party.
First, as to the marital home the Court awards sole possession of the same to the defendant for a period of two CT Page 1382 and one half (2 1/2) years at which time the property is to be sold and the proceeds divided sixty percent (60%) to the defendant and forty percent (40%) to the plaintiff. The defendant shall have the right to acquire the plaintiff's interest at an agreed upon price. If the parties cannot agree upon a price then the property shall be appraised and a purchase price determined.
The plaintiff's personal property including his records, clothes, dresser, books, bookcase, boat trailer, fish tank, fishing equipment and tools are to be returned to him. The lawn equipment shall be the property of the defendant.
As alimony the plaintiff is to pay weekly to the defendant the sum of $325.00 per week for a period of four (4) years.
The plaintiff is further ordered to pay as counsel fees the sum of $1,500.00
The defendant has a son by a previous marriage and the Court grants reasonable rights of visitation to the plaintiff.
The defendant is granted the right to resume the use of her maiden name, Elaine Garbarino.
Judgment may enter in accordance with the above.
The Court
CURRAN, JUDGE